PETER G. SIACHOS
PSIACHOS@GRSM.COM
DIRECT DIAL: (973) 549-2532



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NEW YORK 10004
WWW.GRSM.COM

February 1, 2021

**VIA ECF**
Honorable Gary R. Brown
U.S. District Court
Eastern District of New York
100 Federal Plaza, Courtroom 840
Central Islip, New York 11722

      Re:   *McDowall et al. v. ILKB LLC et. al.*
             Case No. 2:20-cv-06171-GRB-AKT

Dear Judge Brown:

      Pursuant to Section II.e.-f. of Your Honor's Individual Rules, Defendants request a pre-motion conference regarding these Defendant's anticipated Motion to Dismiss under Rules 9(b) and 12(b)(2)-(3), and (6).[1]

      Defendant ILKB, LLC is a franchisor of kickboxing-focused fitness studio system. Michael Parrella is ILKB's sole member. Defendants Shaun York and Dan Castellini are current managers of ILKB, who were not involved with ILKB at the time the alleged actions occurred.[2] Plaintiffs Roddie and Teresa McDowall and Transcending Future Legacies LLC are Texas residents and former ILKB franchisees. Plaintiffs entered a franchise agreement with ILKB in September 2015. They opened their franchises in October 2016 and closed it in August of 2018.

      Plaintiffs bring several legally deficient claims against the Defendants. Currently, based on dates of service only Mr. Parrella must now respond.[3] Defendants anticipate filing a motion to dismiss on, *inter alia*, the following bases:

      First, the statute of limitation has expired for any claim Plaintiffs may have had under the NYFSA. The NYFSA includes a three-year statute of limitations running from the sale of the franchise, with no discovery rule. Plaintiffs' NYFSA claims could have accrued no later than

---

[1] At this time, it appears that ILKB, LLC, ILKB Too, LLC, Dan Castellini have not been served and are therefore not required to appear. Shaun York is not yet required to respond. Other defendants reserve the right to assert all defenses under, if they are served with process and/or required to respond in this case. Additionally, there is an arbitration provision in the franchise agreement, which ILKB may seek to enforce.
[2] Successor liability is improperly pled and inapplicable. If served, Defendants will move against these claims.
[3] As it appears the applicable parties are not yet required to respond to this, a motion on this subject is reserved.

Honorable Gary R. Brown
February 1, 2021
Page 2

September of 2015, when they allegedly entered into the franchise agreement with ILKB. Plaintiffs did not file this action until December 20, 2020, more than three years after any claim accrued. Plaintiff does not allege any representations or conduct that induced it to refrain from bringing suit, and New York law does not apply any form of discovery rule to NYFSA claims. *See June-Il Kim v. Suk Inc.*, 2013 U.S. Dist. LEXIS 24703, at *9 (S.D.N.Y. Feb. 22, 2013).

Second, Plaintiffs' common-law claims complain of omissions of matters of public record. New York law does not allow such claims. *E.g., 246 Sears Rd. Realty Corp. v. Exxon Mobil Corp.*, No. 09-CV-889 (NGG) (JMA), 2012 U.S. Dist. LEXIS 133280, at *45 (E.D.N.Y. Sep. 18, 2012). The balance of Plaintiffs' common-law fraud claims complain of predictions, opinions, and puffery that are not actionable as fraud. *See, e.g. Dragon Inv. Co. II LLC v. Shanahan*, 49 A.D.3d 403, 403, 854 N.Y.S.2d 115, 117 (App. Div. 1st Dept. 2008). Additionally, Plaintiffs' allegations of fraud do not comply with Rule 9(b) because they fail to allege essential details required by that rule. Plaintiffs do not consistently allege the "who, what, when, and where" of every representation, the specific contents of every representation, or what was false about every representation. Because Plaintiffs' NYFSA claims rest on these averments of fraud, they are also insufficient under Rule 9(b).

Third, most of Plaintiffs' claims lack standing problem. Transcending Future Legacies did not exist at the time of the alleged pre-sale statements and thus could have heard or relied on alleged misrepresentations. And, damages/business losses to the alleged franchise would have flowed to Transcending Future Legacies, not the McDowalls. There is no harm, so there would be no standing to bring such a claim. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992) (requiring an injury in fact.)

Fourth, Plaintiffs' claims, in particular the breach of contract claim, is too indefinite and uncertain to understand the basis for what caused them harm. It fails to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Additionally, neither the veil piercing and successor liability claims are not causes of action and should be dismissed. *Shugrue v. Stahl*, 117 A.D.3d 527, 528, 985 N.Y.S.2d 547, 548 (2014). None of the claims pled meet the *Iqbal/Twombly* standards as they fail to allege adequate facts to state a claim for relief.

Fifth, this is the second time that Plaintiffs have filed this suit. In July, Plaintiffs initiated the action in Suffolk County. It was later removed to this court, *see* Case No. 2:20-cv-04240. After Parrella and ILKB, LLC filed a pre-hearing letter to Judge Azrack based on many of these same arguments contained herein. In response, Plaintiffs voluntarily dismissed the action. Based on this action, Defendants may assert waiver, estoppel, and res judicata.

Based on these dispositive issues and many others that could not be included based on the page limitations in the individualize practice rules, Defendants respectfully request leave to file a motion to dismiss the Complaint.

             Best regards,

             */s/ Peter G. Siachos*

Honorable Gary R. Brown
February 1, 2021
Page 3

                                                                          Peter G. Siachos