UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RODDIE MCDOWALL, TERESA HATTER MCDOWALL, and TRANSCENDING FUTURE LEGACY, LLC<br><br>Plaintiffs,<br><br>v.<br><br>ILKB, LLC, MICHAEL PARRELLA, ILKB TOO, LLC, DANIEL CASTELLINI, AND SHAUN YORK,<br><br>Defendants. | Civil Action No: 2:20-cv-06171-GRB-AKT<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** |

Defendants ILKB, LLC, ILKB Too LLC, and Michael Parrella ("Defendants"),[1] by and through their attorneys, hereby answer Plaintiffs' Complaint as follows:

### General Denial

Except as explicitly admitted, Defendants deny each and every allegation in Plaintiffs' Complaint.

### Nature of Action

1.    Defendants admit that Parrella was an officer in ILKB and that the McDowalls purchased a franchise, but deny the remainder of Paragraph 1.

2.    Defendants deny paragraphs 2-3.

### Parties

3.    Defendants admit paragraph 4.

4.    Defendants admit that TFL LLC operated the McDowalls' studio, but denies the remainder of the paragraph for lack of personal knowledge.

---

[1] The individual Defendants Mr. York and Mr. Castellini have been previously dismissed, following a motion to dismiss. To the extent required, they join in the responses of the remaining defendants.

5.      Defendants admit that the first sentence of paragraph 6. Defendants also admit that Parrella is ILKB's sole member and was an officer in the company and that ILKB is the franchisor of the iLoveKickBoxing franchise system. Defendants deny the remainder of the paragraph.

6.      Defendants admit paragraph 7.

7.      Defendants admit the first sentence paragraph 8 and admit that York and Castellini are members of ILKB Too. Defendants deny the remainder of the paragraph.

8.      As to paragraph 9, Defendants admit Castellini is a California citizen and a manager of ILKB. Defendants deny the remainder of the paragraph.

9.      Defendants admit the first sentence of paragraph 10 and that York is a manager of ILKB. Defendants deny the remainder of the paragraph.

## Jurisdiction and Venue

10.      As to paragraphs 11 and 12, Defendants admit jurisdiction and venue are appropriate as to ILKB and Parrella, but deny the remainder of these paragraphs.

## Facts Common to All Counts

11.      Defendants deny paragraph 13 for lack of personal knowledge.

12.      As to paragraph 14, Defendants admit that the McDowalls were provided with an FDD, but deny the remainder of the paragraph for lack of personal knowledge.

13.      Defendants deny paragraph 15.

14.      As to paragraph 16, Defendants aver that the March 2015 FDD speaks for itself and denies the allegations to the extent that they are inconsistent with the FDD and further denies any wrongdoing related to the FDD.

15.      As to paragraph 17, Defendants admit that ILKB and its personnel discussed the purchases of franchise territories in Texas with the McDowalls. Defendants also admit that franchisees could purchase multiple territories at a discount. Defendants deny the remainder of the paragraph.

16.      Defendants admit the allegations paragraph 18, except the specific dates listed and the specific people mentioned, which they deny for lack of personal knowledge.

2

17.     Defendants deny paragraph 19 for lack for personal knowledge.

18.     Defendants deny paragraph 20.

19.     Defendants deny paragraphs 21-22 for lack of personal knowledge.

20.     Defendants deny paragraph 23.

21.     As to paragraph 24, Defendants aver that the exhibits speak for themselves and deny the allegations to the extent they are inconsistent with the exhibits. Defendants specifically deny that they made any intentional misrepresentations. Defendant deny the remainder of the paragraph.

22.     Defendants deny paragraphs 25-27.

23.     Defendants deny paragraphs 28-29 for lack of personal knowledge.

24.     Defendants deny paragraph 30.

25.     As to paragraph 31, Defendants aver that the exhibits speak for themselves and deny the allegations to the extent they are inconsistent with the exhibits. Defendants further aver that Plaintiffs complied with the dispute resolution process.

26.     Defendants deny paragraphs 32-35.

## COUNT I

### (Violation of New York State Franchise Sales Act Against ILKB Defendants)[2]

27.     As to paragraph 36, Defendants incorporate their responses to the preceding paragraphs as though fully set forth herein.

28.     Defendants deny paragraph 37-41.

## COUNT II

### (Breach of Contract Against ILKB)

29.     As to paragraph 42, Defendants incorporate their responses to the preceding paragraphs as though fully set forth herein.

30.     Defendants deny paragraphs 43-44.

---

[2] Based on the Court's oral ruling on the motion to dismiss, this claim has been dismissed as time-barred. As the minute order does not reflect that, Defendants respond out of an abundance of caution and without waiving any arguments that the claim has been dismissed.

## COUNT III

### (Common Law Fraud Against ILKB Defendants)

31.     As to paragraph 45, Defendants incorporate their responses to the preceding paragraphs as though fully set forth herein.

32.     Defendants deny paragraph 46.

## COUNT IV

### (Negligent Misrepresentation Against ILKB Defendants)

33.     As to paragraph 47, Defendants incorporate their responses to the preceding paragraphs as though fully set forth herein.

34.     Defendants deny paragraphs 48-49.

## COUNT V

### (Alter Ego, Veil Piercing and Agency Liability Against ILKB and Parrella)

35.     As to paragraph 50, Defendants incorporate their responses to the preceding paragraphs as though fully set forth herein.

36.     Defendants deny paragraphs 51-57.

## COUNT VI

### (Successor Liability Against ILKB Too, Castellini, and York)

37.     As to paragraph 58, Defendants incorporate their responses to the preceding paragraphs as though fully set forth herein.

38.     Defendants deny paragraphs 59-63.

39.     Defendants further deny the Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense—Standing

40.     TFL LLC lacks standing to bring the claims related to pre-incorporation actions. It was not in existence at the time of the alleged misrepresentations and, therefore, has no authority to assert any such claims.

41.     The McDowalls lack standing to bring the claims related to business losses.

4

42.     Moreover, third-party fraud and misrepresentation claims for such violations are not cognizable under New York law, so statements made to the McDowalls would not make Defendants liable to TFL LLC.

### Second Affirmative Defense—Non-Actionable Claims

43.     The alleged misrepresentations are not actionable because they are matter of public record, matters of opinion, and/or forward looking, non-factual statements regarding possible outcomes. Under New York law, none of these are actionable.

### Third Affirmative Defense—Time-Barred by Statute of Limitations and Laches

44.     The alleged misrepresentations all took place and were received by the Plaintiffs prior to December 20, 2017. Thus, all of these claims are stale and time-barred by the doctrine of laches.

45.     Plaintiffs' other claims are also barred by the applicable statutes of limitations, including the statute of limitations for the NYFSA.

### Fourth Affirmative Defense—Offset

46.     Plaintiffs owe money to ILKB based on their obligations under the Franchise Agreement. Any award should be offset by the amounts owed by Plaintiffs.

### Fifth Affirmative Defense—Unclean Hands

47.     Plaintiffs made misrepresentations of material fact to obtain their franchise and behaved in a fashion that precludes them from obtaining the relief sought in this matter.

### Sixth Affirmative Defense—Failure to State a Claim

48.     Plaintiffs fail to state a claim on which relief can be granted.

### Seventh Affirmative Defense—Jurisdiction/Forum

49.     This court has no personal jurisdiction over Defendant ILKB Too. Therefore, this forum is not proper and there is no jurisdiction for claims against it.

### Eighth Affirmative Defense—Contributory Fault/Comparative Fault/Fault of Others

50.     People other than Defendants, including but not limited to Plaintiffs, are responsible for the alleged harm suffered by Plaintiffs in this case.

51.     Based on their fault, Plaintiffs should recover nothing, or in the alternative, have their damages reduced by the amount of fault caused by themselves and persons other than Defendants.

### Ninth Affirmative Defense—Failure to Mitigate

52.     Plaintiffs failed to mitigate their damages by, among other things, failing to shift their cost structure, abusing the corporate form to pay for personal expenses, failing to take the offered buy out of their business, and failing to operate the business in a commercially reasonable manner.

### Tenth Affirmative Defense—Prior Breach

53.     Plaintiffs breached the contract prior to Defendants' alleged breach. Plaintiffs' actions excuse any alleged breach of contract on Defendant's' part.

### Eleventh Affirmative Defense—Wavier/Estoppel/Res Judicata

54.     Plaintiffs previously brought and dismissed this action. Plaintiffs' claims are therefore barred by the doctrines of waiver, release, collateral estoppel, and/or res judicata.

WHEREFORE, having fully answered Plaintiffs' Complaint and set forth their Affirmative Defenses, Defendants pray for judgment as follows:

(1)  That Plaintiffs take nothing by reason of their Complaint;

(2)  That judgment be entered against Plaintiffs and in favor of Defendants;

(3)  That Defendants be dismissed and awarded the costs of suit incurred herein; and

(4)  For such other and further relief as the Court may deem just and proper.

Dated: June 24, 2021

**GORDON REES SCULLY MANSUKHANI, LLP**
*Attorneys for Defendants*

By: *s/ Peter G. Siachos*
    Peter G. Siachos, Esq.
    1 Battery Park Plaza, 28th Floor
    New York, NY 10004

6

Telephone: (973) 549-2532
Fax: (973) 377-1911
Email: psiachos@grsm.com